Theroux v Resnicow (2022 NY Slip Op 03357)





Theroux v Resnicow


2022 NY Slip Op 03357


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 154642/17 Appeal No. 15999 Case No. 2021-04750 

[*1]Justin Theroux, Plaintiff-Respondent,
v
Norman J. Resnicow et al., Defendants-Appellants, 71 Washington Place Owners, Inc., et al., Nominal Defendants.


Peter M. Levine, New York, for appellants.
Pryor Cashman LLP, New York (Eric D. Sherman of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 1, 2021, which, to the extent appealed from as limited by the briefs, granted the motions of plaintiff and defendants Norman J. Resnicow and Barbara Resnicow for leave to reargue, and upon reargument, granted in part plaintiff's motion for a protective order shielding certain emails from disclosure, and adhered to its original decision finding that certain of plaintiff's emails sought by defendants were protected by the attorney-client privilege, unanimously affirmed, with costs.
Supreme Court conducted an in camera review of the relevant emails on two occasions and properly determined that the emails in question were "primarily or predominantly of a legal character," and thus protected by the attorney-client privilege (Rossi v Blue Cross & Blue Shield of Greater N.Y. , 73 NY2d 588, 594 [1989]). New York courts have recognized that attorneys with "mixed business-legal responsibility," such as plaintiff's long-time representative, Patricia Doudna, "may blur the line between legal and nonlegal communications" (id. at 592). Doudna explained that she had provided plaintiff with legal advice throughout their 20-year relationship, and that plaintiff had hired her to be his attorney and business manager, in significant part, because she could protect his legal as well as his financial interests. Thus, the court properly found that there was an attorney-client relationship between plaintiff and Doudna.
Further, each of the relevant emails are dated after defendant Norman Resnicow began his alleged "harassment campaign" against plaintiff in September of 2015. After that time, plaintiff sought and obtained legal advice from Doudna regarding, among other things, defendants' soundproofing demand, the roof boundary dispute, defendants' legal demand letter, and even the underlying litigation. Because plaintiff sought and received legal advice and strategy from Doudna in the relevant emails, the court did not abuse its discretion in shielding them from disclosure.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022